THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IDALIE MUÑOZ MUÑOZ,<br><br>Plaintiff,<br><br>v.<br><br>PENNY PRITZKER, secretary of the United States Department of Commerce,<br><br>Defendant. | CASE NO. C14-1387-JCC<br><br>ORDER |

This matter comes before the Court on Plaintiff's motion requesting documents (Dkt. No. 37), Plaintiff's motion for an extension of time (Dkt. No. 38), and Plaintiff's motion requesting shorted time in which to file a request (Dkt. No. 39).

As a preliminary matter, Plaintiff noted her motion requesting Court documents for July 10, 2015. (Dkt. No. 37.) However, as this request is between Plaintiff and the Court, no response from Defendant is necessary, and the Court construes this as an ex parte motion. Accordingly, Plaintiff's motion (Dkt. No. 37) is RENOTED for June 22, 2015 (the day it was filed) and the two motions flowing from that request (Dkt. Nos. 38 and 39) are RENOTED for June 25, 2015. The Court rules on each motion here.

The Court attaches to this order a copy of its schedule on Tuesday, March 10, 2015 in response to Plaintiff's request to produce "these Court's records identified in Dkt #33, in the

form of the court calendar documenting Judge Coughenour's caseload schedule." (Dkt. No. 37 at 3.) The document attached is a redacted copy of the Court's internal calendar.

It appears that Plaintiff believes that her request for this document has some bearing on her ability to file a motion for reconsideration of this Court's order granting Defendant's motion to dismiss (Dkt. No. 33). It does not. The merits of Defendant's motion to dismiss, which the Court granted on June 16, 2015, have nothing to do with the cases scheduled for the March 10, 2015 status conference hearing. (Dkt. No. 33.) The Court dismissed Plaintiff's case for lack of subject matter jurisdiction. While the Court is not persuaded by Plaintiff's rationale for an extension, the Court also recognizes that, whether justified or not, while Plaintiff has awaited the Court's response to her earlier filing, the time period to file a motion for reconsideration has essentially run. *See* W.D. Wash. Local Civ. R. 7(h)(2) (time period to file a motion for reconsideration is fourteen days after the order to which it relates is filed; that period has run as of June 30, 2015). Accordingly, the Court GRANTS Plaintiff a short extension to which to file a motion for reconsideration (Dkt. No. 38) of its order dismissing her case. The Court will consider a motion for reconsideration from the Plaintiff if it is filed on or before July 10, 2015.

The Court notes that the above-captioned matter has been dismissed. The Court reminds Plaintiff that "[t]here is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990) (internal quotation omitted). 28 U.S.C. § 1651(a) has been construed to enable district courts to "enjoin[] litigants with abusive and lengthy histories." *Id.* Plaintiff is on notice that the Court views her excessive filings as approaching the threshold after which a restriction may be appropriate. To clarify, the Court considers as "excessive" Plaintiff's frivolous objections relating to: the formatting of Court orders (*see* Dkt. No. 9), the Court's "arbitrary" setting of dates for status conference hearings (Dkt. No. 8), whether and where postal stamps appeared on mailings from the Court and how mailings were dated (Dkt. No. 16 at 2), an unwillingness to

1  accept the validity of Court orders (Dkt. No. 16 at 4, 6), a belief that the Court lacks the legal
2  ability to enforce federal procedural rules (Dkt. No. 16 at 12–13), the word choice employed by
3  the Court in its orders (Dkt. No. 29 at 2–4), her fervent—albeit mistaken—belief that the
4  undersigned judge had an ex parte conference with Defense counsel in this case (Dkt. Nos. 30 at
5  19–20, 31, and 35), and—most recently—her objection to the Court's use of an unnecessary
6  hyphen in her last name (Dkt. No. 37 at 3) (indicating that the omission of the *tilde* is "the only
7  acceptable change approved by Plaintiff"). Should such frivolous and excessive filings continue,
8  the Court may consider Plaintiff a "vexatious litigant" and issue an order to that effect. *See De*
9  *Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

10  Finally, motions to shorten time have been abolished in this Court. W.D. Wash. Local
11  Civ. R. 6(b). Plaintiff's request for shortened time (Dkt. No. 39) is therefore DENIED.

12  DATED this 7th day of July 2015.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
PAGE - 3